**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: K.K. | No. 14-71875 |
| K.K., *Petitioner*, | D.C. No. 1:13-cr-00735-LEK-1 1:14-mc-00102-LEK 1:14-mc-00119-LEK |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII, *Respondent*, | OPINION |
| GERARD K. PUANA, *Real Party in Interest*. | |

Petition for Writ of Mandamus to the
United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 27, 2014[*]
Filed July 1, 2014

Before: Ronald M. Gould, Mary H. Murguia,
and Paul J. Watford, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel denied a petition for a writ of mandamus, filed pursuant to the Crime Victims' Rights Act by a victim of a mailbox theft crime, challenging district court orders denying in part motions to quash two subpoenas duces tecum whose issuance the defendant has requested.

The panel held that the district court did not abuse its discretion or commit legal error in denying the motions to quash. Given the sensitive nature of the documents sought, the panel instructed that production and disclosure shall initially be limited to the district court, and that the district court shall conduct an *in camera* review of the produced documents to determine whether, in light of the information they contain and their relevancy to the issues to be raised at trial, their disclosure to defense counsel would be "unreasonable or oppressive" under Fed. R. Crim. P. 17(c)(2), such that production to defense counsel should be denied.

### COUNSEL

Kevin Paul Hisami Sumida, Sumida & Associates LLLC, Honolulu, Hawaii, for Petitioner.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Peter C. Wolff, Jr., Federal Public Defender, and Alexander Silvert, First Assistant Federal Defender, Honolulu, Hawaii, for Real Party in Interest Gerard K. Puana.

## OPINION

PER CURIAM:

This is a petition for a writ of mandamus filed pursuant to 18 U.S.C. § 3771, the Crime Victims' Rights Act ("CVRA"). Petitioner, a victim of a mailbox theft crime, challenges district court orders issued on June 13, and June 18, 2014, denying in part motions to quash two subpoenas duces tecum whose issuance defendant has requested under Federal Rule of Criminal Procedure 17(c)(3).

In reviewing CVRA mandamus petitions, we are not required to balance the factors outlined in *Bauman v. United States District Court*, 557 F.2d 650 (9th Cir. 1977). *See Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006). Rather, this court "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error." *Id.*

The district court did not abuse its discretion or commit legal error in denying the motions to quash. The information sought by defendant meets the standard for issuing a Rule 17(c) subpoena. *See United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (stating standard). Furthermore, in ordering production of the requested documents, the district court appropriately balanced the victim's privacy interests against the defendant's right to "investigate the case and prepare a defense for trial." *Michigan v. Harvey*, 494 U.S. 344, 348

(1990). Finding no abuse of discretion or legal error, the petition for a writ of mandamus pursuant to 18 U.S.C. § 3771 is denied.

However, given the sensitive nature of the documents sought, production and disclosure of the documents on July 2, 2014 shall initially be limited to the district court. The district court shall then conduct an *in camera* review of the produced documents to determine whether, in light of the information they contain and their relevancy to the issues to be raised at trial, their disclosure to defense counsel would be "unreasonable or oppressive" under Rule 17(c)(2), such that production to defense counsel should be denied. Upon review of the documents *in camera*, the district court may place additional limits on defense counsel's use of the documents at trial.

**DENIED.**